JAMES S. TERRELL, (SBN 170409)
Law Office of James S. Terrell
15411 Anacapa Road
Victorville, CA 92392
Tel.760-951-5850Fax.760-952-1085
E-mail: jim@talktoterrell.com

SHARON J. BRUNNER, (SBN: 229931)
Law Office of Sharon J. Brunner
14393 Park Avenue, Suite 100
Victorville, CA 92392
E-mail: sharonjbrunner@yahoo.com

**Attorneys for Plaintiffs**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEVIN ARRONA and STEVEN ARRONA**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**COUNTY OF SAN BERNARDINO, SGT. JAMES PORTER, DEPUTY J.CASEY, DEPUTY SEAN TABOR and DOES 1-10, INCLUSIVE**<br><br><br>**Defendants.** | **Case No.  5:21-cv-00389**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Excessive Force (42 U.S.C. § 1983)<br><br>2. Excessive Force (42 U.S.C. § 1983)<br><br>3. Monell Claim (42 U.S.C. § 1983)<br><br>4. Failure to Intervene (42 U.S.C. § 1986)<br><br>**DEMAND FOR JURY TRIAL** |

### JURISDICTION

1.      Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1343, (1), (2), (3) and

(4). This action at law for money damages arises under 42 U.S.C. § 1983 and the

United States Constitution, the laws of the State of California and common law

principles to redress a deprivation under color of state law of rights, privileges and

immunities secured to Plaintiffs by said statutes, and by the First and Fourth

Amendments of the United States Constitution.

1

Plaintiffs allege:

1.      Plaintiff Kevin Arrona was, at all times herein mentioned a citizen of the United States of America and a resident of San Bernardino County over the age of 18.

2.      Plaintiff Steven Arrona was, at all times herein mentioned a citizen of the United States of America and a resident of San Bernardino County over the age of 18.

3.      Defendant Sgt. James Porter was, at all times herein mentioned, employed by the Sheriff's department employed as a sworn officer and is at all times acting under color of authority, for the County of San Bernardino Sheriff's Department as that term is understood in 42 U.S.C. Section 1983 litigation.

4.      Defendant Deputy J. Casey was at all times employed by the Sheriff's Department, acting under color of authority and is a high ranking supervisor.

5.      Defendant Deputy Sean Tabor was at all times employed by the Sheriff's Department, acting under the color of authority.

6.      Defendant County of San Bernardino was, at all times mentioned herein, a political subdivision for the State of California.

7.      The individual defendants were and are employed by the County of San Bernardino as deputy sheriffs, or supervisors and assigned to the San Bernardino Sheriff's department.

8.      Each of the acts or omissions alleged herein was under color of state law.

2

COMPLAINT FOR DAMAGES

9.	At all times alleged herein Defendant County of San Bernardino had duty to control the manner in which the deputy defendants carried their duties and to insure that their treatment of the Plaintiffs and others similarly situated were done in conformity with the United States Constitution, the California Constitution, the laws of the United States, the laws of the State of California.

10.	The unknown named defendants, identified herein as DOES 1 through 10, defendants herein, resulting in the deprivation of Plaintiffs' civil rights and injuries to their person, as is described below.

11.	Said DOE Defendants additionally include unknown employees of the County of San Bernardino and the San Bernardino Sheriff Department who were supervisors who created, fostered, acquiesced, ratified and/or maintained the policies, customs and/or practices that caused the deprivation of Plaintiffs' Constitutional rights and his injuries.

12.	Plaintiffs are ignorant of the true names and capacities of these DOE Defendants, though all are believed to have been employed by Defendant County of San Bernardino, or Defendant San Bernardino Sheriff Department or acting in concert with Defendants and in the capacity of state actors, but allege that each such Defendant was in some manner responsible for their injuries due to their own conduct which were either intentional done or done with reckless indifference to the rights of the Plaintiffs.

3

COMPLAINT FOR DAMAGES

13.         Plaintiffs are informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally responsible in some manner for the events and happenings herein referred to, and thereby caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiffs who therefore sues said Defendants by such fictitious names and will be added to this action when discovered.

14.         Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

15.         Defendants, and each of them, did the acts and omissions alleged herein in done intentionally or with reckless indifference to the rights of the Plaintiffs and in violation of clearly established law.

16.         Each of the individual Defendants are being sued in their individual capacity as well as their official capacity.

17.         This Court has jurisdiction over this action by virtue of 28 U.S.C. Section 1331, e.g. "federal question."

18.         On June 15, 2013, Plaintiffs Steven and Kevin Arrona, along with family members and children were at home, 56956 Navajo Trail, Yucca Valley, California enjoying a Sunday night when San Bernardino deputies knocked on the security screen door and demanded permission to enter the home of Steven Arrona.

COMPLAINT FOR DAMAGES

LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850          talktoterrell.com

19.          Plaintiff Steven Arrona answered the door, but did not open the security screen door and spoke with the deputies. The Deputies said they wanted to look for Steven Arrona's son, Jason Arrona, who according to the Police had a warrant for his arrest.

20.          Plaintiff Steven Arrona explained that Jason Arrona did not live at his residence and had not lived there for over a year and requested to a search warrant.

21.          Plaintiff Steven Arrona told the deputy his son, Jason, was not present and shut door after the conversation had concluded, Plaintiff Steven Arrona also explained he would like to see a search warrant or a warrant.

22.          A short time after, Defendant Sgt. James Porter arrived at the scene and made contact with Plaintiff Steven Arrona, who once again stated he did not live at the residence, and was not present. Plaintiff Steven Arrona requested to see a search warrant or any kind of warrant which was not produced.

23.          Plaintiff Steven Arrona shut the door and he along with Plaintiff Kevin Arrona went to the living room where he remained. Both Plaintiffs plead guilty to misdemeanor 148 for locking the door after speaking with Sgt. Porter. That was the only time and action that Plaintiffs did not comply with the Deputies' orders…locking the doors.

COMPLAINT FOR DAMAGES

LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850          talktoterrell.com

24.     Defendant Sgt. Porter along with deputies, smashed through the security door and knocked down the front door and stormed into the residence, with all defendants and screaming at the Plaintiffs and their family members.

25.     Deputy Wilson entered into the home and immediately handcuffed Plaintiff Steven Arrona. At no time did Plaintiff Steven Arrona resist or not comply with the deputy who put him in handcuffs

26.     After being placed in handcuffs, Defendant Sgt. James Porter walked over and with a closed hand, making a fist and punched Plaintiff Steven Arrona in his face, knocking him to the ground. The Plaintiff Steven Arrona sustained injury to his face, neck, and shoulders causing him severe pain as he had recently undergo surgery for his neck and back.

27.     Plaintiff Kevin Arrona was ordered to get on the ground, which he immediately complied and put his hands behind his back. Defendant Deputy Jay Casey jumped on Plaintiffs Kevin Arrona's back and put him in a choke hold and actually choked him so hard as to prevent him from breathing.

28.     Plaintiff Kevin Arrona was then tased five or six times. Each tasing caused Arrona's body to lock up and he was having problems breathing. Defendant Deputy J. Casey maintained Arrona in a choke hold as the Plaintiff was being tased by Defendant Sgt. James Porter. The hold prevented Plaintiff Kevin Arrona from

COMPLAINT FOR DAMAGES

LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850          talktoterrell.com

breathing and he was suffocating and was kicked, struck and beaten by Defendant

Deputy Sean Tabor. During the entire time, Arrona was compliant.

29.        Plaintiff Kevin Arrona was being held down and struck by deputies and

tased. During this entire time the deputies were yelling "Stop Resisting! Stop

Resisting!", as a ploy to create false evidence on their recorders or so witnesses would

hear the false statements.

30.    Defendant Porter says  on a belt tape recorder, "That is what you get for not

complying with the police!."


**<u>FIRST CAUSE OF ACTION</u>**

**Excessive Force (42 U.S.C. § 1983)**

**Fourth Amendment**

**Plaintiff Kevin Arrona**

**(Against all Defendants)**


31.        Plaintiffs refers to and re-pleads each and every allegation contained in

paragraphs 1 through 29 of this complaint, and by this reference incorporates the same

herein and make each a part hereof.

32.        Sheriff's deputies, Defendant Sgt. James Porter, Defendant Deputy J.

Casey and all Named Defendants including the Doe Defendants brutally tortured

Plaintiff. Named Defendant Deputies tased Plaintiff Kevin Arrona although Plaintiff

was at all times compliant and never resisted or refused any deputy's command. After

7

COMPLAINT FOR DAMAGES

being placed in handcuffs Kevin Arrona was tased repeatedly. This constituted excessive force against Plaintiff in violation of his Fourth Amendment rights.

33.       Defendants' use of excessive force caused Plaintiff severe physical injuries; pain and suffering; extreme emotional distress, fear, trauma, and humiliation; bruises on his face and body; lacerations and abrasions on his face and body.

34.       Plaintiff claims against Defendants COUNTY are based on their maintaining and permitting the practices, policies and customs described in this complaint in particular. Plaintiff is further informed and believes thereon alleges that Defendants COUNTY have ratified the individual deputies' unconstitutional conduct toward Plaintiffs.

35.       Plaintiffs alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful or conscious disregard of Plaintiff's rights, welfare, and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

36.       As a direct and legal result of Defendants' acts and omissions, Plaintiff has suffered damages, including without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, medical expenses, attorneys' fees, costs of suit, loss of earnings, and other pecuniary losses not yet ascertained.

COMPLAINT FOR DAMAGES

LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850        talktoterrell.com

**SECOND CAUSE OF ACTION**

**(EXCESSIVE FORCE)**

**(By Plaintiff Steven Arrona**

**Against Defendants Sgt. James Porter, County of San Bernardino only)**

**Excessive Force**

**(42 U.S.C. § 1983, Fourth Amendment)**

37.        Plaintiffs refers to and re-pleads each and every allegation contained in paragraphs 1 through 36 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

38.        After deputies entered residence, Plaintiff Steven Arrona was placed in handcuffs after he complied with deputies' orders. The handcuffs were placed on his wrists, and no resistance of any kind came from the Plaintiff, as he put his hands in the small of his back.

39.        Defendant Sgt. James Porter walked over to the Plaintiff Steven Arrona, after the handcuffs were secured, and he made a fist by closing his hand and struck the Plaintiff in the face so hard as to knock him backwards, several feet and fall onto the furniture with his hands handcuffed behind him. Defendant Sgt. James Porter's actions constituted excessive force.

40.        Plaintiff Steven Arrona had recently undergone back surgery and his neck, shoulders, and back were extremely sensitive and sore. The punch and fall cost the Plaintiff to suffer extreme pain and fear that the fall created a new injury.

9

COMPLAINT FOR DAMAGES

41.        Defendants' use of excessive force caused Plaintiff severe physical injuries; pain and suffering; extreme emotional distress, fear, trauma, and humiliation; bruises on his face and body; lacerations and abrasions on his face and body.

42.        Plaintiff claims against Defendants COUNTY are based on their maintaining and permitting the practices, policies and customs described in this complaint in particular, Plaintiff is further informed and believes thereon alleges that Defendant  have ratified the individual deputies' unconstitutional conduct toward Plaintiff.

43.        As result of the conduct, Defendants reliable for Plaintiff's injuries either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and try to do so to prevent these violations.

44.        Plaintiffs alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful or conscious disregard of Plaintiff's rights, welfare, and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

45.        As a direct and legal result of Defendants' acts and omissions, Plaintiff has suffered damages, including without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, medical expenses, attorneys' fees, costs of suit, loss of earnings, and other pecuniary losses not yet ascertained.

COMPLAINT FOR DAMAGES

LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850          talktoterrell.com

## THIRD CAUSE OF ACTION

### (UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983)

### (By Plaintiff Against Defendants COUNTY OF SAN BERNARDINO

### individually)

46.         Plaintiffs refers to and re-pleads each and every allegation contained in paragraphs 1 through 45 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

47.         Defendant COUNTY OF SAN BERNARDINO  is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY OF SAN BERNARDINO, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Bernardino Police Department and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

48.         At all times herein mentioned, Defendants, and each of them, were employees acting under the COUNTY OF SAN BERNARDINO   direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First and Fourth Amendments respectively to the United States Constitution,

11

LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850        talktoterrell.com

which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their brutality, dishonesty, bigotry, and numerous other serious abuses of their powers as peace officers in the employment of the COUNTY OF SAN BERNARDINO .

49.        Defendant COUNTY OF SAN BERNARDINO   knowingly maintains and permits official sub-rosa policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to impartially investigate, discipline or prosecute peace officers who commit acts of felonious dishonesty and crimes of violence, each ratified and approved by COUNTY OF SAN BERNARDINO.

50.        The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendants COUNTY OF SAN BERNARDINO , include, but are not limited to:

51.        Defendants COUNTY OF SAN BERNARDINO had knowledge, prior to and since this incident, of repeated allegations of abuse and assaultive misconduct toward detainees and arrestees. Specifically, COUNTY OF SAN BERNARDINO knew Defendants had in the past committed acts of police abuse, dishonesty and prevarication;

COMPLAINT FOR DAMAGES

LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850        talktoterrell.com

52.       Defendants COUNTY OF SAN BERNARDINO had knowledge, prior to and since this incident, of similar allegations of abuse and dishonesty by Defendants, and refused to enforce established administrative procedures to insure the safety of detainees and arrestees;

53.       Defendants COUNTY OF SAN BERNARDINO refused to adequately discipline individual officers and employees found to have committed similar acts of abuse and misconduct;

54.       Defendants COUNTY OF SAN BERNARDINO   refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by San Bernardino Sheriffs Department officers;

55.       Defendants COUNTY OF SAN BERNARDINO reprimanded, threatened, intimidated, demoted and fired officers who reported acts of abuse by other officers;

56.       Defendants  COUNTY OF SAN BERNARDINO  covered up acts of misconduct and abuse by deputies and sanctioned a code of silence by and among officers;

57.       Defendants COUNTY OF SAN BERNARDINO officers who displayed aggressive and abusive behavior towards detainees and arrestees;

COMPLAINT FOR DAMAGES

LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850          talktoterrell.com

58.        Defendants COUNTY OF SAN BERNARDINO failed to adequately train and educate officers in the use of reasonable and proper force and failed to enforce the department's written regulations with respect to uses of force;

59.        Defendant COUNTY OF SAN BERNARDINO failed to adequately supervise the actions of officers under their control and guidance;

60.        Defendants COUNTY OF SAN BERNARDINO condoned and participated in the practice of prosecuting known groundless criminal charges for the purpose of insulating the County of San Bernardino  and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for release from civil liability;

61.        Defendants COUNTY OF SAN BERNARDINO condone and encourage a conspiracy of silence among their employees for the purpose of concealing and furthering wrongful and illegal conduct by their employees;

62.        Defendants COUNTY OF SAN BERNARDINO engaged in the practice and custom of withholding from criminal defendants, judges and prosecutors, known Brady evidence unfavorable to their officers in violation of law and the Constitution.

63.        Defendants COUNTY OF SAN BERNARDINO  fostered and encouraged an atmosphere of lawlessness, abuse and unconstitutional misconduct, which by March 2013 and thereafter, represented the unconstitutional policies, practices and customs of the COUNTY OF SAN BERNARDINO .

COMPLAINT FOR DAMAGES

LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850          talktoterrell.com

64.        By reason of the aforesaid policies, customs, practices and usages, Plaintiffs' rights under the First and Fourth to the United States Constitution were deprived.

### FOURTH CAUSE OF ACTION
### FAILURE TO INTERVENE
### (VIOLATION OF 42 U.S.C. § 1983)
#### (By Plaintiffs Against All Individual Defendants)

65.        Plaintiffs refers to and re-pleads each and every allegation contained in paragraphs 1 through 64 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

66.        Commencing on March 2013, Defendant Sgt Porters knew and understood Plaintiffs were being subjected to excessive force, deprivation of his constitutional rights and was in the position and had the duty and authority to intervene to prevent the wrongdoing committed against Plaintiffs by Defendants

67.        By virtue of the foregoing, Defendants, and each of them, violated 42 U.S.C. § 1983.

68.        As a direct result of the foregoing, Plaintiffs have been damaged as recited above and demands and is entitled to the damages recited in First Cause of Action, including, but limited to, general and punitive damages (except to as to County of San Bernardino) , and attorney's fees.

---

15

COMPLAINT FOR DAMAGES

**PRAYER**

WHEREFORE, Plaintiffs prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1.     For General damages, $1,000,000.00;

2.     For Special damages according to proof;

3.     For Punitive damages as provided by law, in an amount to be provided against each individual Defendant;

4.     For attorney's fees;

5.     For Costs of suit;

6.     For such other and further relief as the Court may deem proper.


Dated: 3/4/2021

_____/s/James Terrell_
James S. Terrell
Attorney for PLAINTIFF

Dated: 3/4/2021

_____/s/Sharon J. Brunner_
Sharon J. Brunner
Attorney for PLAINTIFF

16

COMPLAINT FOR DAMAGES

LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850       talktoterrell.com

# JURY DEMAND

PLAINTIFF hereby demands a trial by jury.

Dated: 3/4/2021

_____ /s/James Terrell_
James S. Terrell
Attorney for PLAINTIFF

Dated: 3/4/2021

_____ /s/Sharon J. Brunner_
Sharon J. Brunner
Attorney for PLAINTIFF

17

COMPLAINT FOR DAMAGES

LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850          talktoterrell.com